Filed 8/14/14  P. v. Brumfield CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>PAUL BRUMFIELD,<br><br>        Defendant and Appellant. | B252495<br><br>(Los Angeles County<br>Super. Ct. No. SA083016-01) |

THE COURT:[*]

Defendant and appellant, Paul Brumfield, appeals from a judgment entered following a jury verdict finding appellant guilty of one count of petty theft with priors under Penal Code section 666, subdivision (a).[1]  An information filed in February 2013 charged appellant in count 1 with robbery (§ 211) and in count 2 with felony petty theft.  Pursuant to sections 1170, subdivision (h)(3) and 1170.12, subdivisions (a) through (d), the information further alleged that appellant suffered a prior conviction for a serious

---

[*]     ASHMANN-GERST, Acting P. J ., CHAVEZ, J., FERNS, J.†

†     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

[1]     Unless otherwise indicated, all further statutory references are to the Penal Code.

felony. As to count 1 only, the information alleged a five-year enhancement for a prior serious felony pursuant to section 667, subdivision (a)(1). As to both counts, the information alleged appellant had served four prior prison terms within the meaning of section 667.5, subdivision (b), and had been convicted of four prior felonies within the meaning of section 1203, subdivision (e)(4).

Appellant pled not guilty. The trial court heard and denied appellant's motion for other counsel pursuant to *People v. Marsden* (1970) 2 Cal.3d 118.

A trial commenced in June 2013, but the trial court declared a mistrial and adjourned the proceedings after it declared it had a doubt as to appellant's mental competence under section 1368. Following an August 2013 mental competency hearing, the trial court determined appellant was then mentally competent to stand trial and resumed the criminal proceedings.

At the beginning of the October 2013 trial, the trial court granted appellant's motion to bifurcate trial on his prior convictions. Appellant thereafter stipulated to the existence of eight prior convictions for the purpose of the allegations in count 2, in exchange for the prosecution's stipulation not to mention them at trial. At the conclusion of the jury trial, the jury found appellant not guilty on count 1 and guilty on count 2. In a bench trial immediately following, the trial court found true beyond a reasonable doubt that appellant had served four prior prison terms and suffered a prior strike conviction.

The trial court sentenced appellant to the upper term of three years on count 2, doubled to a sentence of six years pursuant to sections 667, subdivisions (b) through (i), and 1170.2, subdivisions (a) through (d). It denied appellant's motion under section 1385, subdivision (a) to strike the strike prior, but granted the motion as to the four prior prison terms.

The information was filed as a result of an incident on January 6, 2013, when Home Depot loss-prevention agent John Miranda observed appellant unwrap merchandise, place it in his pockets, and leave the store without paying for those items. Miranda, in plain clothes, first observed appellant in the store's hardware department,

where he selected some merchandise and transported it to the electrical department; appellant then removed the merchandise's packaging and put the items in his pockets. The items were snips (a tool for cutting metal) and an L.E.D. light, together worth $36. Miranda followed appellant to the front of the store, where appellant paid for certain items he had put in a cart but not the two items he had put in his pockets.

Once appellant exited the store, Miranda approached him, identified himself as an asset-protection specialist and asked appellant to return to the store. In response, appellant assumed a combative stance, told Miranda to back up and started to pull something out of his pocket that Miranda believed was a weapon. In accordance with store policy, Miranda backed away; appellant went to his vehicle and drove off. Miranda called 911 and was able to identify a portion of appellant's license plate. He also told officers that appellant had pulled out a "big pipe" and threatened to hit him.

At trial, Miranda could not recall several details about the incident, including whether he saw appellant enter the store, how far away he was from appellant when he first saw him pocket the merchandise, where appellant discarded the packaging, how long he followed appellant, whether appellant was pushing a cart, and what items appellant actually purchased and how he paid for them. Miranda did not retrieve the empty packaging.

Officer Eduardo Munoz responded to Miranda's 911 call. According to Munoz's report and his independent recollection, Miranda did not mention that appellant had threatened him or had a weapon.

Appellant appealed from the judgment. We appointed counsel to represent him on this appeal. After examination of the record, counsel filed an opening brief which contained an acknowledgement that he had been unable to find any arguable issues. On June 4, 2014, we advised appellant that he had 30 days within which to personally submit by brief or letter any contentions or arguments that he wished us to consider. Since that time, we have received a supplemental letter brief from appellant, as well as two

additional letters elaborating on the arguments in the supplemental brief. We have also received a request for appointment of new counsel, which we denied.

We have examined the entire record and are satisfied that appellant's attorney has fully complied with his responsibilities and that no arguable issue exists. (*People v. Kelly* (2006) 40 Cal.4th 106, 109-110; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

We have also examined appellant's supplemental brief and letters, and find that appellant has raised no basis for reversal. Appellant makes two arguments. First, a store surveillance video showed appellant leaving the store, followed by Miranda. The video was played for the jury and admitted into evidence without objection. Appellant asserts that the individual in the video following him was not Miranda, and that therefore false evidence was used to corroborate Miranda's version of the events. He claims the video was blurry and shown to the jury too quickly. Appellant did not object to the trial court's playing the video for the jury, nor to its admission into evidence. Accordingly, he has forfeited any challenge to the video on appeal. (See, e.g., *People v. Riel* (2000) 22 Cal.4th 1153, 1184 [grounds for objection to admission of evidence not raised at trial may not be raised on appeal]; *People v. Rodrigues* (1994) 8 Cal.4th 1060, 1116, fn. 20 [same].)

Second, appellant contends that he possessed a receipt for payment of the two items retrieved from his pockets, but was unable to produce it at trial because it was in his vehicle, which the police took and later sold at an auction. Appellant raises factual contentions that were not raised at trial and are thus not encompassed in the record on appeal. Claims involving matters outside the appellate record cannot be addressed on appeal and are instead appropriately raised on habeas corpus. (*People v. Gray* (2005) 37 Cal.4th 168, 211; *People v. Szeto* (1981) 29 Cal.3d 20, 35.)

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.